UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------ x
: 
In re: : Chapter 11
:
GT ADVANCED TECHNOLOGIES INC., : Case No. 14-11916 (____)
:
    Debtor. :
:
:
------------------------------------------------------------ x
:
In re: : Chapter 11
:
GTAT CORPORATION, : Case No. 14-_____ (____)
:
    Debtor. :
:
:
------------------------------------------------------------ x
:
In re: : Chapter 11
:
GT ADVANCED EQUIPMENT HOLDING : Case No. 14-_____ (____)
LLC, :
:
    Debtor. :
:
:
------------------------------------------------------------ x
:
In re: : Chapter 11
:
GT EQUIPMENT HOLDINGS, INC., : Case No. 14-_____ (____)
:
    Debtor. :
:
:
------------------------------------------------------------ x
:
In re: : Chapter 11
:
LINDBERGH ACQUISITION CORP., : Case No. 14-_____ (____)
:
    Debtor. :
:
:

| | |
|---|---|
| ------------------------------------------------------------ x<br>  :<br>**In re:** :<br>  :<br>**GT SAPPHIRE SYSTEMS HOLDING LLC,** :<br>  :<br>  Debtor. :<br>  :<br>  :<br>------------------------------------------------------------ x<br>  :<br>**In re:** :<br>  :<br>**GT ADVANCED CZ LLC,** :<br>  :<br>  Debtor. :<br>  :<br>  :<br>------------------------------------------------------------ x<br>  :<br>**In re:** :<br>  :<br>**GT SAPPHIRE SYSTEMS GROUP LLC,** :<br>  :<br>  Debtor. :<br>  :<br>  :<br>------------------------------------------------------------ x<br>  :<br>**In re:** :<br>  :<br>**GT ADVANCED TECHNOLOGIES LIMITED,** :<br>  :<br>  Debtor. :<br>  :<br>  :<br>------------------------------------------------------------ x | **Chapter 11**<br><br>**Case No. 14-_____ (____)**<br><br><br><br><br><br>**Chapter 11**<br><br>**Case No. 14-_____ (____)**<br><br><br><br><br><br>**Chapter 11**<br><br>**Case No. 14-_____ (____)**<br><br><br><br><br><br>**Chapter 11**<br><br>**Case No. 14-_____ (____)** |

**DEBTORS' EMERGENCY *EX PARTE* MOTION, PURSUANT TO BANKRUPTCY RULE 1015, FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION <u>OF RELATED CHAPTER 11 CASES</u>**

2

GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, "GTAT" or the "Debtors")[1] hereby submit this motion (the "Motion") for entry of an order directing the joint administration of the above-captioned chapter 11 cases for procedural purposes only. In support of this Motion, GTAT respectfully represents:

## JURISDICTION, VENUE AND STATUTORY BASIS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested herein is Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Hampshire ("LBR").

## BACKGROUND

3. On the date hereof (the "Petition Date"), GTAT commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Hampshire (the "Court"). GTAT continues to operate its businesses and manage its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no committees have been appointed or designated.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

3

4. The Debtors are hereby requesting that these chapter 11 cases be consolidated for procedural purposes only and jointly administered pursuant to Bankruptcy Rule 1015(b).

5. Information regarding GTAT's business, capital structure, and the circumstances leading to these chapter 11 cases is set forth in the *Declaration of Daniel W. Squiller in Support of Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration"), which is incorporated herein by reference and filed contemporaneously herewith.

## GTAT's Business

6. GTAT and its non-Debtor affiliates (collectively, the "GTAT Group") are leading manufacturers and suppliers of advanced materials and equipment for the global consumer electronics, power electronics, solar, and LED industries.  The GTAT Group designs and sells high-quality sapphire production equipment and materials for a wide variety of domestic and international markets, including the consumer electronics market.  In addition, the GTAT Group's historical business is based in the solar industry, where it is a leading provider of key polysilicon and photovoltaic equipment, services and technologies.  The GTAT Group is also in the process of developing and commercializing additional equipment and products, including an ion implantation equipment tool and advanced solar metallization and interconnect technology.  As of the Petition Date, the GTAT Group employs approximately 1,100 full-time employees in the United States and abroad, approximately 1,000 of whom work for the Debtors.  The stock of GT is publicly traded under the symbol "GTAT".

7. As of June 28, 2014, GTAT's unaudited and consolidated financial statements reflected assets totaling approximately $1.5 billion and liabilities totaling approximately $1.3 billion.

# RELIEF REQUESTED

7. By this Motion, GTAT seeks entry of an order directing joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and LBR 1015-1. To that end, GTAT requests that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of these chapter 11 cases of: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in **Case No. 14-\_\_\_\_\_ (\_\_)**.

8. Further, GTAT requests that the Court maintain one file and one docket for all of the jointly administered chapter 11 cases under the case of GTAT and that these chapter 11 cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

----------------------------------------------------------------x
:
*In re:*  :  Chapter 11
:
**GT ADVANCED TECHNOLOGIES INC.,** : Case No. 14-11916 (\_\_\_\_)
:
Debtors.[1] :
: **Jointly Administered**
--------------------------------------------------------------- x

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT

5

9. Finally, GTAT seeks authority to file the monthly operating reports as required by the U.S. Trustee Operating Guidelines on a consolidated basis; provided, however, that disbursements will be listed on a debtor-by-debtor basis.

## BASIS FOR THE RELIEF REQUESTED

10. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" within the meaning of the Bankruptcy Code. Accordingly, the Court is authorized to grant the requested relief.

11. Joint administration is a procedural tool that promotes the fair and efficient administration of related cases of affiliated debtors.[2] In addition, LBR 1015-1(b) provides that:

> Whenever, upon motion of a debtor or other party in interest, the Court orders that related cases be jointly administered or consolidated pursuant to Bankruptcy Rule 1015, subsequent to the entry of such order, all further papers shall be filed in the chief case with which a related case or cases have been consolidated or in which joint administration has been directed, and only the docket for that case shall be maintained.

12. As noted above, GTAT filed the First Day Declaration contemporaneously herewith. The First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and parties in interest.

---

Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

6

13. Given the complex and interlinked commercial relationships among the Debtors, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by, for example, avoiding duplicative filings. Joint administration also will allow all parties in interest to monitor these chapter 11 cases with greater ease. Furthermore, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each Debtor and will simplify administrative supervision of these chapter 11 cases by the U.S. Trustee.

14. In view of the benefits attendant to joint administration of these chapter 11 cases, and the absence of harm to any party in interest, GTAT submits that the relief requested is appropriate and should be granted in all respects.

15. The relief requested herein has been granted in other large and complex chapter 11 cases.[3] GTAT submits that such relief is warranted in these chapter 11 cases.

---

[2] *See, e.g., In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1998) (stating that the purpose of joint administration is to make administration easier and less costly because it avoids the duplication of effort); *In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977), *aff'd,* 575 F.2d 1003 (1st Cir. 1978) (stating that joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common").

[3] *See, e.g.*, *In re Kingsbury Corporation*, Case No. 11-13671 (JMD) (Bankr. D.N.H. Oct. 6, 2011); *In re Isaacson Steel Inc.,* Case No. 11-12415 (JMD) (Bankr. D. N.H. July 8, 2011); *In re Trikeenan Tileworks, Inc.*, Case No. 10-13725 (JMD) (Bankr. D. N.H. Sep. 3, 2010); *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); *In re Energy Future Holdings Corp*, Case No. 14-10979 (CSS) (Bankr. D. Del. Jun. 5, 2014); *In re Furniture Brands International Inc.*, Case No 13-12329 (Bankr. D. Del. Sept. 11, 2013); *In re Conexant Systems, Inc.*, Case No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013); *In re Overseas Shipholding Group, Inc.*, Case No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012); *In re Contract Research Solutions, Inc.*, Case No. 12-11004 (KJC) (Bankr. D. Del. Mar. 27, 2012); *In re NewPage Corporation*, Case No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011). Because of the voluminous nature of the unreported orders cited herein, they are not annexed to the Motion. Copies of these orders are available upon request of GTAT's proposed undersigned counsel.

## NOTICE

16. Notice of this Motion has been provided by email, facsimile or overnight courier to: (a) the Office of the United States Trustee for Region 1, 1000 Elm Street, Suite 605 Manchester, NH 03101, Attn: Geraldine L. Karonis; (b) the creditors holding the 30 largest unsecured claims against GTAT's estates (on a consolidated basis); (c) the indenture trustee for the Debtors' (i) 3.00% Convertible Senior Notes due 2017, and (ii) 3.00% Convertible Senior Notes due 2020, U.S. Bank National Association, 60 Livingston Avenue, St. Paul, MN 55107, Attn: Hazrat R. Haniff; (d) the Internal Revenue Service, 1000 Elm St., 9th Floor Manchester, NH 03101, Attn: District and Regional Directors; (e) U.S. Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (f) Apple Inc., 1 Infinite Loop, Cupertino, CA 95014, Attn: Jessica L. Fink, Senior Restructuring Counsel; and (g) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made by GTAT to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

18. GTAT requests that the Court waive and dispense with the requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law. The legal authorities upon which GTAT relies are set forth in the Motion. Accordingly, GTAT submits that a waiver of the LBR 7102(b)(2) requirement is appropriate under these circumstances.

**WHEREFORE**, GTAT respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting GTAT such other and further relief as is just and proper.

Dated: October 6, 2014
      Manchester, NH

/s/ Daniel W. Sklar_____
Daniel W. Sklar, Esq.
Holly J. Barcroft, Esq.
NIXON PEABODY LLP
900 Elm Street
Manchester, NH 03101-2031
Telephone: (603) 628-4000
Facsimile: (603) 628-4040

- and -

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James T. Grogan, Esq.
PAUL HASTINGS LLP
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## EXHIBIT A

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| ------------------------------------------------------------- | x : | |
| **In re:** | : : | **Chapter 11** |
| **GT ADVANCED TECHNOLOGIES INC.,** | : : : | **Case No. 14-_____ (____)** |
| Debtor. | : : : : | |
| ------------------------------------------------------------- | x : | |
| **In re:** | : : | **Chapter 11** |
| **GTAT CORPORATION,** | : : : | **Case No. 14-_____ (____)** |
| Debtor. | : : : | |
| ------------------------------------------------------------- | x : | |
| **In re:** | : : | **Chapter 11** |
| **GT ADVANCED EQUIPMENT HOLDING LLC,** | : : : : | **Case No. 14-_____ (____)** |
| Debtor. | : : : | |
| ------------------------------------------------------------- | x : | |
| **In re:** | : : | **Chapter 11** |
| **GT EQUIPMENT HOLDINGS, INC.,** | : : : | **Case No. 14-_____ (____)** |
| Debtor. | : : : | |
| ------------------------------------------------------------- | x : | |
| **In re:** | : : | **Chapter 11** |
| **LINDBERGH ACQUISITION CORP.,** | : : : | **Case No. 14-_____ (____)** |
| Debtor. | : : : : | |

```
------------------------------------------------   x
                                                   :
In re:                                             :   Chapter 11
                                                   :
GT SAPPHIRE SYSTEMS HOLDING LLC,                   :   Case No. 14-_____  (____)
                                                   :
        Debtor.                                    :
                                                   :
                                                   :
------------------------------------------------   x
                                                   :
In re:                                             :   Chapter 11
                                                   :
GT ADVANCED CZ LLC,                                :   Case No. 14-_____  (____)
                                                   :
        Debtor.                                    :
                                                   :
                                                   :
------------------------------------------------   x
                                                   :
In re:                                             :   Chapter 11
                                                   :
GT SAPPHIRE SYSTEMS GROUP LLC,                     :   Case No. 14-_____  (____)
                                                   :
        Debtor.                                    :
                                                   :
                                                   :
------------------------------------------------   x
                                                   :
In re:                                             :   Chapter 11
                                                   :
GT ADVANCED TECHNOLOGIES LIMITED,                  :   Case No. 14-_____  (____)
                                                   :
        Debtor.                                    :
                                                   :
                                                   :
------------------------------------------------   x
```

**ORDER, PURSUANT TO BANKRUPTCY RULE 1015, DIRECTING JOINT
ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "<u>Motion</u>")[1] of GT Advanced Technologies Inc. ("<u>GT</u>") and its

affiliated debtors as debtors in possession (collectively, "<u>GTAT</u>" or the "<u>Debtors</u>") for entry of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2

an order, pursuant to Bankruptcy Rule 1015 and LBR 1015-1, directing the joint administration of the above-captioned chapter 11 cases for procedural purposes only, as more fully described in the Motion; and upon consideration of the First Day Declaration; and it appearing that the relief requested is in the best interests of GTAT's estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. These chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 14-_____ (____).

3. The caption of the jointly administered chapter 11 cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
-------------------------------------------------------------x
                                                             :
In re:                                                       :
                                                             :
GT ADVANCED TECHNOLOGIES INC.,                               :
                                                             :
        Debtors.¹                                            :
-------------------------------------------------------------x
```

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

3

4. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of these chapter 11 cases of: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in **Case No. 14-\_\_\_\_\_ (\_\_)**.

5. One consolidated docket, one file, and one consolidated service list for these chapter 11 cases shall be maintained by GTAT and kept by the Clerk of the United States Bankruptcy Court for the District of New Hampshire.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

7. The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. GTAT is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. GTAT shall be permitted to file their monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis; *provided, however*, that disbursements will be listed on a debtor-by-debtor basis.

4

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2014
     Manchester, NH

                                          _____
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE