# GT ADVANCED TECHNOLOGIES LIMITED

Company Number: 1371858

*(Incorporated in Hong Kong with limited liability)*

(the "Company")

---

**WRITTEN RESOLUTIONS OF THE DIRECTORS OF THE COMPANY DATED 2ⁿᵈ OCTOBER 2014 PURSUANT TO ARTICLE 110(a) OF THE ARTICLES OF ASSOCIATION OF THE COMPANY**

---

1. **DIRECTOR'S INTERESTS**

1.1 **IT WAS NOTED** that each of the Directors confirmed that he had fully disclosed his interest (if any) in accordance with the Articles of Association of the Company and relevant laws in connection with the actions to be considered below or contemplated by the Documents (as defined below), or that he had no interest in any such transaction.

2. **PROPOSED ACTION**

2.1 **IT WAS NOTED** it has been proposed that petitions be filed (the "Filing") by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.2 **IT IS HEREBY RESOLVED** that:

   (a) in the opinion of the Directors, the Filing is advisable and in the long term commercial interest of the Company and of its creditors, employees and other interested parties;

   (b) the Filing be and hereby is approved;

   (c) the Directors and officers of the Company (each being an "Authorised Person" and all being the "Authorised Persons") are hereby authorised, empowered and directed, in the name and on behalf of the Company to execute, deliver and verify any and all petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the District of New Hampshire at such time or in such other jurisdiction as such Authorised Person executing the same shall determine;

   (d) the law firms of Paul Hastings LLP and Nixon Peabody LLP are hereby engaged as the attorneys for the Company under respective general retainers in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

(e)     the firm of Alvarez and Marsal North America, LLC is hereby engaged as restructuring advisors for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

(f)     the firm of Rothschild Inc. is hereby engaged as investment banker for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

(g)     each Authorised Persons and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorised, empowered and directed, in the name and on behalf of each of the Company to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case or to effect the purposes and intent of the foregoing resolutions.

(h)     each Authorised Person be, and each hereby is, authorised, empowered and directed, in the name and on behalf of the Company, to engage and retain all assistance by claims and noticing agents, balloting agents, special counsel, auctioneers, accountants, financial advisors, and other professionals in connection with the Chapter 11 Case, subject to any requisite court approval, with a view to the successful prosecution of such case or to effect the purposes and intent of the foregoing resolutions.

(i)     each Authorised Person, and any employees or agents (including counsel) designated by or directed by any such Authorised Persons, be, and each hereby is, authorised, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such others agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such persons shall be or become necessary, proper and desirable to effectuate a successful reorganization of the business of the Company or to effect the purposes and intent of the foregoing resolutions.

(j)     each Authorised Person be, and each hereby is, authorised and empowered on behalf of and in the name of the Company, to execute such consents of the Company as such Authorised Person considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action.

3. **ANCILLARY CHAPTER 11 AUTHORIZATIONS**

3.1    **IT IS HEREBY RESOLVED** that:

(a)     in connection with the commencement of the Chapter 11 Case, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company: (i) to

        negotiate, execute, deliver and perform or cause the performance of a debtor-in-possession financing facility; (ii) to negotiate, execute, deliver, and undertake any and all transactions in connection with a sale or other disposition of any or all of the Company's assets; and (iii) to negotiate, execute, deliver and perform or cause the performance of a chapter 11 plan.

   (b)   each Authorized Person, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such others agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such persons shall be or become necessary, proper and desirable to effectuate a successful reorganization of the business of the Company or to effect the purposes and intent of the foregoing resolutions.

   (c)   each Authorized Person be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to execute such consents of the Company, as such Authorized Person considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action.

4. **GENERAL AUTHORISATION**

4.1 **IT IS RESOLVED** that, each Authorised Person be, and each hereby is, authorised, empowered and directed to, in the name and on behalf of the Company as the case may be, and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects: (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file, in the name and on behalf of the Company any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) perform such other acts as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby.

5. **RATIFICATION OF PRIOR ACTIONS**

5.1 **IT IS RESOLVED** that any and all actions of the Company, or of any Authorised Person, taken in connection with the actions contemplated by the foregoing

resolutions prior to the execution hereof be and hereby are ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval, and approved by, the Directors prior to such action being taken.

*[SIGNATURE PAGE TO FOLLOW]*

*[signature]*

THOMAS GUTIERREZ

Director

Date:

*[signature]*

DAVID W. KECK

Director

Date:

*[signature]*

HOIL KIM

Director

Date:

*[signature]*

JEFF FORD

Director

Date: